UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN DAMON SIMS,<br><br>                  Plaintiff,<br>    v.<br><br>CITY OF LAKEWOOD,<br><br>                  Defendant. | CASE NO. 3:20-cv-06201-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 49) |

      This matter comes before the Court on Defendants' Motion for Reconsideration. (Dkt. No. 49.) Defendants seek reconsideration of this Court's Order on Motion for Summary Judgment. (Dkt. No. 48.)

      "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny [motions for reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new

matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Defendants contend the Court committed manifest error on two counts.

First, Defendants argue Officer Syler is entitled to qualified immunity. (Dkt. No. 49 at 2.) Defendants assert "[t]he mere belief on part of [Mr.] Sims that [Officer] Syler intentionally allowed K-9 Rock to attack him a second time requires speculation and the drawing of inferences that are not appropriate on summary judgment." (Id. at 6.) They believe there is "no evidence to support such inferences." (*Id*. at 5.)

We do not disagree with the principle that mere speculation cannot raise an issue of fact. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). But here, Mr. Sims proffered non-speculative evidence supporting reasonable inferences of causation. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Emeldi v. University of Oregon*, 673 F.3d 1218 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

As the nonmoving party, Mr. Sims must be given reasonable inferences. Mr. Sims does not merely speculate that Officer Syler released the dog intentionally. Instead, he alleges several facts that could allow a jury to reasonably infer Officer Syler intentionally released the dog the second time. Mr. Sims alleges (1) he saw Officer Syler securely holding the dog just moments before the second bite, (2) he heard Officer Seben tell Officer Styler "That's enough, okay!"

ORDER ON MOTION FOR RECONSIDERATION
(DKT. NO. 49) - 2

after the dog was released,[1] (3) the dog had never had an issue with disobeying commands before, and (4) Officer Syler did not issue a verbal command calling off the dog the first time, a necessary component of the command to stop biting.

Defendants express disbelief that Officer Syler and Officer Seben would lie about the existence and intentionality of the second dog bite. (Dkt. No. 49 at 6.) Defendants argue Officers Syler had no motive to intentionally release the dog after Mr. Sims was handcuffed. However, it is not for this Court to weigh the credibility of Mr. Sims' testimony with that of the two officers on a summary judgment motion. The Court can merely look at the facts in the view most favorable to Mr. Sims. Thus, the Court finds no manifest error in concluding there is a genuine issue of material fact as to whether the alleged second dog bite was intentional. Accordingly, Officer Syler remains unable to avail himself to qualified immunity at this time.

Second, Defendants asserts that because "[Officer] Syler was a dog handler and [Mr.] Sims was in the commission of a felony" Officer Syler enjoys a "complete bar to strict liability". (*Id*. at 10-11.) This argument is unconvincing. Mr. Sims alleges he had surrendered, was on his knees, and was handcuffed when the second dog bite occurred. Although he may have been committing a felony during the first bite, there are no facts demonstrating Mr. Sims was committing a felony during the second. Therefore, Officer Syler does not have a complete bar to strict liability.

---

[1] Defendants assert Officer Seben's alleged exclamation "should be considered inadmissible hearsay since it is now considered for the truth of the matter asserted[.]" (Dkt. No. 49 at 7.) Viewing Officer Seben's statement in the light most favorable to Plaintiff, his statement would fall under the excited utterance exception to the hearsay rule. Fed. R. Ev. 803(2). The excited utterance exception allows for otherwise excludable hearsay to be admissible if it is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id*. An unexpected dog attack on the person next to a speaker could be characterized as a startling event.

ORDER ON MOTION FOR RECONSIDERATION
(DKT. NO. 49) - 3

Finally, Defendants ask the Court rule as a matter of law that the "initial contact, or the only contact as Defendants maintain, was lawful before the alleged second bite."[2] (*Id*. at 4.) In their motion for summary judgment, Defendants asked that the entire claim for excessive force be thrown out. They may not now, on a motion for reconsideration, ask the Court to dismiss only part of the excessive claim. This would equate to different relief as originally requested and is not appropriate.

Accordingly, the Court DENIES Defendants' motion for reconsideration.

Dated this 24th day of July, 2023.

David G. Estudillo
United States District Judge

---

[2] The Court notes the Plaintiff does not appear to allege the first series of dog bites was unlawful in the Complaint (Dkt. No. 1), nor does he contend so in his response to Defendants' motion for summary judgment (Dkt. No. 42). For all intents and purposes, the first series of dog bites do not appear at issue in this lawsuit. Nevertheless, ruling on the issue now would be inappropriate when Defendants did not pose it in their motion for summary judgment.

ORDER ON MOTION FOR RECONSIDERATION
(DKT. NO. 49) - 4